B. M. ISLER *vs.* L. J. MOORE, D. B. EVERITT, H. B. HORN and others.

A plaintiff having indulged one execution in his favor, there is no presumption that this indulgence extended to subsequent executions.

Under the old practice, a purchaser at a sale under a junior execution acquired a good title as against a subsequent purchaser under a senior execution. *A fortiori,* is this so, as against a purchaser under execution of equal *teste.*

[*Doe ex dem. Bell* v. *Hill,* 1 Hay. 72. *Ricks* v. *Blount,* 4 Dev. 128. *Jones* v. *Judkins.* 4 Dev. & Bat., 445, and *Perry* v. *Morris,* 65 N. C. 221, cited and approved.]

Civil action for the recovery of a tract of land, tried before *Clarke, J.,* at January Special Term, 1872, of the Superior Court of WAYNE.

Both parties claimed as purchasers at sheriff's sales under executions against D. B. Everitt.

The executions through which the defendants claimed (as owner and tenants) were v*en. expos.* The judgments on which they were based were confessed by Everitt at November Term, 1866, of Wayne County Court. Executions issued thereon to

February Term, 1867, were levied on the land in controversy, and returned "Indulged by plaintiff." *Ven. expos.* issued to May Term were returned without endorsement by the sheriff. *Alias ven expos.* were issued June 10th, 1867, returnable to August Term, and the land was sold by the sheriff of Wayne, August 19th.

The execution through which the plaintiff claimed was a *ven. ex.* in her favor, issued June 1st, 1867, and upon affidavit (that the sheriff of Wayne was connected with the defendants in the execution and refused to do his duty,) placed in the hands of the sheriff of Greene. He also sold on the 19th August. The plaintiff's judgment against D. B. Everitt and others was obtained at February Term, 1867, of Wayne County Court, and the execution issued thereon was returned with a levy upon the said land, and an endorsement that no sale was made in obedience to Gen. Sickles' Order, No. 10.

The jury, upon issues submitted to them, found substantially the above facts, and that the sheriff of Wayne sold before the sheriff of Greene, both sales being within the prescribed hours for such sales.

Judgment was rendered for the defendants, and the plaintiff appealed.

*Isler*, for the plaintiff.
*Faircloth*, for the defendant.

BOYDEN, J. In this case several questions were discussed by the counsel who argued the case, which the Court holds are entitled to no weight in the proper decision of the cause, and for that reason they will not be referred to in this opinion.

It was insisted on the argument by the plaintiff's counsel, that the parties who received the first judgments were guilty of a fraud upon the rights of the plaintiff, by indulging their executions, returnable to the same term of the Court at which this plaintiff obtained her judgment. And it was further

gravely urged by plaintiff's counsel that having indulged the first execution it must be taken that this indulgence still continued, notwithstanding *alias* executions had been issued, and an actual sale made under these second executions, and the money paid by the purchaser, and the sale completed by a deed of the sheriff to the purchaser. No authority was cited for this new and extraordinary position.

It must be remarked that the question in this case is not as to the effect of a sale first made under a junior execution, and thereafter a sale made under a senior execution; but the question is, as to the title acquired by the purchaser at the *first sale* made under an execution of equal if not a senior teste, as against a subsequent purchaser under an execution of the same, or of a subsequent teste.

It was decided as far back as 1794, after a very full discussion, in the case of *Doe on demise of Bell* v. *Hill* 1 Hay 72, that even a purchaser at a sale under a junior execution acquired a good title, as against a subsequent purchaser under an execution of a senior teste, and the law as then announced has been followed in our State ever since. See the cases of *Ricks* v. *Blount,* 4 Dev. 128. *Jones* v. *Judkins,* 4 Dev. & Batt. 445, and *Perry* v. *Morris* and others, 65 N. C. R. 221. This being the law in case of the purchaser at a sale under an execution of junior teste, how can it be insisted that in the case of an execution of a senior or of the same teste, the first purchaser does not acquire the title as against the subsequent purchaser. Two reasons were urged by the plaintiff's counsel; First, that before mentioned, that the plaintiffs in the senior executions had indulged their first executions, and that the law presumed that the same indulgence still continued, notwithstanding what had been done under their *alias* executions; Secondly, that the indulgence given the defendant, as to the first executions, had the effect to postpone their executions and to give the execution of the present plaintiff priority over the

other executions, and as the sale in both cases was made within the sale hours on the same day, and near the same time, the plaintiff not only acquired the better title, but she was also entitled to all the money raised at such sale.

No authority was cited for these positions, and we think they are in direct conflict with the law as settled by numerous decisions in our own Courts. What reason can be given for holding, that an execution, which is either of even or of senior teste to that of the plaintiff, should not have quite as much effect, in passing the title, as one of junior teste? And on the other hand, what reason or common sense could there be for holding that, because a plaintiff had indulged one execution the law presumed that this indulgence still continued, notwithstanding an *alias* execution had issued, and an actual sale had been made under this execution?

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.